**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONNA LOUISE PAYNE, | No.    17-56829 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-00490-AB-MRW |
| v. | |
| UNITED STATES BUREAU OF RECLAMATION, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Submitted May 14, 2019**
Pasadena, California

Before:  LIPEZ,*** WARDLAW, and HURWITZ, Circuit Judges.

Donna Payne appeals the dismissal of this action seeking a vehicular easement

over land owned by the Bureau of Reclamation ("BOR") for failure to state a claim

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1. The district court correctly held that the documents cited in the operative complaint do not grant an easement. "The intent to grant an easement must be so manifest on the face of the instrument that no other construction can be placed on it." *Fitzgerald Living Tr. v. United States*, 460 F.3d 1259, 1267 (9th Cir. 2006) (internal alteration marks omitted) (quoting 25 Am. Jur. 2d *Easements and Licenses in Real Property* § 15 (2004)). The 2005 settlement agreement between the homeowner's association and the water districts did not purport to transfer a real property interest, and in any event, the BOR was not a party to it. The 2009 license agreement between the homeowner's association and BOR's agent has been terminated and only authorized licenses "that do not grant an interest in real property."[1]

2. Payne has not alleged facts sufficient to establish an implied easement. She has alleged neither prior use, *see McFarland v. Kempthorne*, 545 F.3d 1106, 1112 (9th Cir. 2008), nor that the BOR intended to convey an easement, *see Lyon v. Gila River Indian Cmty.*, 626 F.3d 1059, 1072–74 (9th Cir. 2010).

3. Nor do the alleged facts support an easement by necessity. The property

---

[1] Payne's motions to supplement the record on appeal and to take judicial notice of a property diagram, Dkt. 21, 26, are **GRANTED**. The BOR's motion to take judicial notice of an aerial image, Dkt. 17, is also **GRANTED**.

Payne purchased in 2007 is accessible from her previously owned property. The mere fact that the easement Payne seeks would shorten her trip to a nearby access road does not establish necessity. *See McFarland*, 545 F.3d at 1111.

4. The district court also correctly rejected Payne's estoppel claim. The operative complaint does not allege any affirmative misrepresentation or concealment of a material fact. *See United States v. Ruby Co.*, 588 F.2d 697, 703–04 (9th Cir. 1978).

5. We decline to address Payne's argument that the complaint states a claim for reformation of the 2007 deed because it is raised for the first time on appeal. *See Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1321 (9th Cir. 1998).

**AFFIRMED**.